UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE WILLIAMS,

        Plaintiff,                          Civil Action No. 18-13370

vs.                                           HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING COMMISSIONER'S OBJECTIONS (Dkt. 21), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 20), (3) DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18), (4) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14), AND REMANDING THIS MATTER FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. § 205(g)**

Plaintiff Andre Williams appeals from the final determination of the Commissioner of Social Security that he is not entitled to Disability Insurance Benefits under the Social Security Act. The matter was referred to Magistrate Judge David R. Grand for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 14, 18), and Magistrate Judge Grand issued an R&R recommending that the Court grant in part Williams's motion for summary judgment and deny Defendant's motion for summary judgment (Dkt. 20). Defendant filed objections to the R&R (Dkt. 21), and Williams filed a response (Dkt. 22).

For the reasons that follow, the Court overrules Defendant's objections and accepts the recommendation contained in the magistrate judge's R&R. Williams's motion is granted in part,

1

and Defendant's motion is denied. This matter is remanded to the administrative law judge for further proceedings.

## I. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

The magistrate judge concluded that the ALJ's decision was not supported by substantial evidence because the ALJ made an error at Step Three of the five-step sequential analysis for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a). At Step Three, the ALJ must consider the medical severity of a claimant's impairments and whether the impairments meet or equal one of the Social Security Listings. Id. § 404.1520(a)(4)(iii). The ALJ found the following with respect to Williams:

> The claimant's impairment does not meet or equal listing *1.04, Disorders of the Spine*, because the required evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis is not present.

ALJ Decision, Administrative Record ("AR"), at 4 (Dkt. 10-2) (emphasis in original). However, as the magistrate judge pointed out, Williams's medical records arguably contain the evidence necessary to meet the criteria of Listing 1.04(A). R&R at 8-12.[1] The magistrate judge acknowledged that the medical records contain evidence to support a contrary conclusion, but the ALJ erred when he concluded that evidence of a spinal disorder "is not present." Therefore, the magistrate judge recommends remanding this matter to the ALJ because "although the record contains objective evidence of nerve root compression, decreased sensation, strength, and range of motion, and bilateral positive straight-leg raising tests, along with multiple complaints of radiating pain, the ALJ failed to provide any discussion as to why this evidence did not satisfy the criteria of Listing 1.04(A)." R&R at 13.

Defendant makes two objections to the R&R. First, he argues that the magistrate judge erred by considering medical evidence pre-dating Williams's lumbar surgery. Second, he argues that the magistrate judge erred by finding the medical evidence could meet or equal Listing 1.04(A). Each argument will be addressed in turn.

**A. Objection One**

Defendant argues that the magistrate judge erred by considering medical evidence pre-dating Williams's July 2015 slip-and-fall accident. Obj. at 2. Defendant concedes that evidence

---

[1] To satisfy the criteria of all of the elements of Listing 1.04, Williams must provide "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04(A).

3

pre-dating Williams's July 2015 accident is at least "slightly relevant to determining whether he meets or equals Listing 1.04A." Obj. at 2. However, Defendant argues that any evidence that predates Williams's surgery a month after the accident cannot be used to satisfy Listing 1.04(A), because the surgery is a "critical intervening event." Id. at 4. Defendant's argument misses the mark.

Defendant argues that evidence predating Williams's surgery cannot be considered, because Listing 1.04 "strictly requires objective evidence to support each element." Obj. at 6 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D). But whether objective evidence must support each element of a Listing is beside the point. The flaw identified by the magistrate judge is that it does not appear that the ALJ considered Williams's full medical record. An ALJ "must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing." SSR 17-2p. And although, generally, "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding," id., here, the ALJ stated that evidence of nerve root compression was not present. This statement is erroneous.

The magistrate judge explained that there is record evidence of lumbar radiculopathy both before and after Williams's surgery in September 2015. R&R at 11. Lumbar radiculopathy is typically caused by nerve root compression. R&R at 11-12.[2] Additionally, there is evidence in the record supporting that Williams's nerve root compression is "'characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).'" R&R at 12 (quoting 20

---

[2] See https://www.emoryhealthcare.org/orthopedics/lumbar-radiculopathy.html (last accessed on March 4, 2020).

4

C.F.R. § Pt. 404, Subpt. P, App. 1). Contrary to the ALJ's statement, evidence of nerve root compression is indeed in the medical record, and nothing in the ALJ's subsequent analysis in his decision provides a sufficient explanation why he found otherwise.

It does not appear that the ALJ considered "all evidence in making a finding that an individual's impairment(s) does not medically equal a listing," which is required under SSR 17-2p. "It is an elemental principle of administrative law that agencies are bound to follow their own regulations." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004); see also 5 U.S.C. § 706(2)(D) ("The reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . without observance of procedure required by law.").

Because it does not appear that the ALJ considered the full record in this case, Defendant's first objection is overruled.

### B. Objection Two

In the second objection, Defendant argues that the magistrate judge erred because Williams's medical records do not contain evidence that meets or equals Listing 1.04(A). Obj. at 8. However, as noted above, there is evidence that arguably meets Listing 1.04(A).

Defendant also argues that Williams has not met his burden of showing his disabilities meet the criteria of Listing 1.04(A). Obj. at 13-14 (citing Cook v. Comm'r of Soc. Sec., No. 18-12042, 2019 WL 4747038, at *3 (E.D. Mich. Sept. 30, 2019)). In Cook, the court rejected the magistrate judge's R&R because the magistrate judge did not limit his review to whether the claimant's disabilities met the criteria of Listing 1.04 (the only ground raised by the claimant), and because even if it were proper for the magistrate to consider Listings not raised by the claimant, the claimant had not satisfied her burden of showing that her disabilities met those Listings. Id. at *2. The court found that the magistrate judge had impermissibly relieved the claimant's burden

5

of making any sort of threshold showing that her disabilities met the Listings by shouldering the burden himself. Id. That is not the case here.

Unlike the claimant in Cook, Williams argued that the ALJ erred by failing to discuss Listing 1.04 even though "the medical evidence and decision, indicate the presence of a herniated disc, spinal stenosis, compromise of a nerve root (radiculopathy), with an accompanying positive straight leg raising test, with a stated need to have a sit/stand option every 30 minutes, and an inability to ambulate on uneven surfaces." Pl. Mot. for Summ. J. at 14-15 (Dkt. 14) (emphasis added). Defendant argues that Williams did not meet his burden of showing that his disabilities meet Listing 1.04 because he failed to cite the medical record in his brief. Obj. at 3 n.1, 13. However, Williams's failure to cite medical evidence in the record, while frustrating and all too common, is not fatal to his argument. The magistrate judge reviewed the record and found support for Williams's argument, which is appropriate on judicial review. Heston, 245 F.3d at 535 ("Judicial review of the Secretary's findings must be based on the record as a whole."). The magistrate judge may have done much of the heavy lifting in this case, but unlike the circumstances in Cook, he did not shoulder the entire burden.

Defendant has cited substantial evidence in the record showing that Williams does not meet the criteria of Listing 1.04(A); however, even where an ALJ's decision is supported by substantial evidence, it will not be upheld when the Social Security Administration regulations were not followed by the ALJ. See Bowen v. Commissioner of Social Security, 478 F.3d 742, 747 (6th Cir. 2007). Here, it is not clear whether the ALJ properly considered Williams's medical records with respect to lumbar radiculopathy, as required by Social Security Ruling 17-2p. Therefore, the prudent course of action is to remand this case to the ALJ to review the full medical record, and, make the appropriate findings.

## III.  CONCLUSION

For the above-stated reasons, the Court overrules the Defendant's objections (Dkt. 21) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 20).  Defendant's motion for summary judgment (Dkt. 18) is denied.  Williams's motion for summary judgment (Dkt. 8) is granted in part and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

SO ORDERED.

Dated:  March 9, 2020  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge