UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE WILLIAMS,

                Plaintiff,           Civil Action No. 18-13370
                                              Honorable Mark A. Goldsmith
v.                                            Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART PLAINTIFF'S
MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS
TO JUSTICE ACT, 28 U.S.C. § 2412 (ECF No. 25)**

**I.    REPORT**

    **A.    Background**

On October 29, 2018, plaintiff Andre Williams ("Williams") filed suit against the Commissioner of Social Security ("Commissioner"), challenging the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits. (ECF No. 1.) After the parties filed cross-motions for summary judgment, this Court entered a Report and Recommendation ("R&R") finding that the Administrative Law Judge's ("ALJ") conclusion that Williams was not disabled under the Social Security Act was not supported by substantial evidence. (ECF No. 20.)[1] As a result, this Court recommended remanding the matter to the ALJ for further proceedings pursuant to sentence four of 28 U.S.C. § 405(g). (*Id.*) The Commissioner filed objections to the R&R, but Judge Goldsmith overruled those objections and adopted the R&R. (ECF Nos. 21, 23.)

---

[1] On October 29, 2018, the Honorable Mark A. Goldsmith referred this matter to the undersigned pursuant to 28 U.S.C. §636(b). (ECF No. 3.)

On June 5, 2020, Williams filed a motion requesting an award of $3,587.50 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 25.) The Commissioner filed an opposition, and Williams filed a reply. (ECF Nos. 26, 27.) For the reasons stated below, the Court recommends that Williams' motion be granted in part.

**B.     Analysis**

*1.     Williams is Entitled to an Award of EAJA Attorney's Fees*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With respect to the first condition, the United States Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding attorney's fees under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1992). Since Williams obtained a sentence four remand in this case, this condition has been met.

As to the other factors, in opposing Williams' motion, the Commissioner's sole argument is that his defense of the ALJ's decision was not without substantial justification. Before delving deeper into the Commissioner's argument, it is helpful to recall the gist of the Court's R&R. The R&R focused on the fact that at Step Two of the five-step sequential analysis used to determine

disability, the ALJ found that Williams had the severe impairment of status post lumbar surgery for L3-L4 disc herniation and lumbar radiculopathy, but that at Step Three the ALJ said only that Williams' "impairment does not meet or equal listing *1.04, Disorders of the Spine*, because the required evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis is not present." (ECF No. 20, PageID.679-80.)  The Court then spent about 8 pages (*id.*, PageID.680-87, incorporated by reference herein) explaining, in detail, that the ALJ's single-sentence conclusory Step Three finding was not supported by substantial evidence due to his failure to address a significant amount of record evidence that seemed to specifically contradict that finding:

> . . . the problem is that the ALJ's entire Step Three analysis consists of a single conclusory – and, more importantly, apparently inaccurate – sentence that says only that Williams does not meet or medically equal Listing 1.04(A) "because the required evidence of nerve root compression … is not present." (Tr. 23).  Indeed, although the record contains objective evidence of nerve root compression, decreased sensation, strength, and range of motion, and bilateral positive straight-leg raising tests, along with multiple complaints of radiating pain, the ALJ failed to provide any discussion as to why this evidence did not satisfy the criteria of Listing 1.04(A).

(*Id.*, PageID.686.)

Even under the case law cited by the Commissioner, his present argument that he was substantially justified in defending the ALJ's handling of this Step Three issue lacks merit. Specifically, the Commissioner argues:

> When assessing substantial justification, courts in this Circuit distinguish between cases involving "mere articulation" errors, and cases where remand is warranted because the evidence simply does not support the ALJ's decision. *Saal v. Comm'r of Soc. Sec.*, No. 1:08-CV-347, 2010 WL 2757554, at *2 (W.D. Mich. June 24, 2010) (citing *Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999)), adopted 2010 WL 2757779 (July 13, 2010); *see also Olive v. Comm'r of Soc. Sec.*, 535 F. Supp. 2d 756, 758-60 (N.D. Ohio 2008). "The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record."  *Anderson*, 1999 WL

> 1045072, at *4. Accordingly, "[t]he ALJ's failure to meet the articulation requirements in a decision in no way necessitates a finding that the Commissioner's position was not substantially justified." *Saal*, 2010 WL 2757554, at *2 (internal quotation marks omitted); *accord Hutchinson v. Comm'r of Soc. Sec.*, No. 12-cv-11337, 2014 WL 2050859, at *7-9 (E.D. Mich. May 17, 2014) (the Commissioner's position was substantially justified where the case was remanded due "primarily to failure of articulation on the part of the ALJ," and there was not "overwhelming evidence of disability").

(ECF No. 26, PageID.740-41.)

As explained above, however, the ALJ's Step Three error was far more than an "articulation" error. This Court cited many pages of evidence that seemed to contradict the ALJ's Step Three finding. (ECF No. 20, PageID.680-87.) But the ALJ did not discuss any of that evidence with respect to his Step Three finding, leaving the reader completely in the dark as to why he found Williams did not meet Listing 1.04(A). This issue was not a close call, and the Commissioner was not substantially justified in defending the ALJ's handling of it.

The Commissioner also argues that he was substantially justified in opposing Williams' motion because Williams had not properly raised the Step Three issue in his summary judgment motion. Specifically, the Commissioner argues:

> Plaintiff did not adequately present his step-three argument in his briefing, which lends support to the Commissioner's position on EAJA fees. Plaintiff did not address the medical record whatsoever in the relevant section of his brief (ECF No. 13 at PageID.576-80). His only argument on this point reads as follows: "It is Mr. William's [sic] position that this summary dismissal of Listing 12.04 [sic] was erroneous as there [sic] clear objective findings that are not discussed in the decision including: nerve root compression, spinal stenosis, nerve root impairment, paresthesia [sic] which are documented with objective medical testing and a spinal surgery was conducted" (ECF No. 13 at PageID.579). The Commissioner was substantially justified in defending this argument, where relevant authority requires a claimant to point to specific evidence that satisfies the relevant listing. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) ("A claimant must do more than point to evidence on which the ALJ could have based his finding to raise a 'substantial question' as to whether he has satisfied a listing. Rather, the claimant must point to specific

4

> evidence that demonstrates he reasonably could meet or equal every requirement of the listing.") (citation and quotation omitted). While this Court found Plaintiff's failure to cite to any portion of the medical record was "not fatal to his argument," it acknowledged that "[t]he magistrate judge may have done much of the heavy lifting in this case" (ECF No. 23 at PageID.724). The Commissioner respectfully submits that on substantial justification review, this Court can and should look to the reasonableness of the Commissioner's decision to defend Plaintiff's listings argument, where Plaintiff did not engage with the medical evidence in his brief.

(ECF No. 26, PageID.742-43.)

Again, the Commissioner's argument lacks merit. While Williams should have referenced the specific evidence relevant to his Step Three argument in the analysis section of his summary judgment motion, the factual background section of his motion did discuss such evidence. (ECF No. 13, PageID.569-572.) In adopting the R&R, Judge Goldsmith similarly recognized that although Williams should have more specifically tied the "medical evidence in the record" to his Step Three argument, Williams had done enough to put the issue before the Court for "[j]udicial review." (ECF No. 23, PageID.724.)

For all of the foregoing reasons, the Court finds that the Commissioner was not substantially justified in defending the ALJ's handling of the Step Three issue raised by Williams. Accordingly, Williams is entitled to an award of attorney's fees under the EAJA.

2.  *Amount of Attorney's Fees*

Attorney's fees awarded under the EAJA must be reasonable. *See Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. In *Glass*, the Sixth Circuit recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of

5

the factors relevant to determining a reasonable attorney's fee." *Glass*, 822 F.2d at 21 (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)).

With respect to the hours claimed, the EAJA requires "an itemized statement from [the] attorney … representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). Williams' counsel submitted such an itemized statement, indicating that he expended 20.50 hours on this matter. (ECF No. 25, PageID.732-36.) The Commissioner has not challenged the hours expended by Williams' counsel, and the Court finds that these hours have been adequately documented and are reasonable for a case such as this and given the result achieved by that work.

When calculating an award of attorney's fees under the EAJA, the statutory maximum rate is $125 per hour, "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Courts have recognized, however, that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Thus, in order to be entitled to compensation at a rate greater than the statutory rate, Williams was required to supply evidence establishing the reasonable rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009); *Martin v. Comm'r of Soc. Sec.*, No. 12-14773, 2014 WL 7139991, at *2 (E.D. Mich. Dec. 12, 2014). While Williams asks the Court to use a rate of $175/hr., he failed to present any evidence whatsoever as to that rate's reasonableness.[2] Accordingly, the Court must use the $125/hr. statutory rate to determine the

---

[2] Courts have even held that merely relying on the Consumer Price Index as support for a rate greater than the statutory rate is insufficient to meet the requisite burden of proof. *See, e.g., Hammerbacher v. Comm'r of Soc. Sec.*, No. 13-CV-15170, 2016 WL 3344390, at *3–4 (E.D. Mich. Apr. 8, 2016) (collecting cases), report and recommendation adopted, No. 13-CV-15170, 2016 WL 3197392 (E.D. Mich. June 9, 2016).

amount of EAJA fees to be awarded in this case.

Multiplying the 20.50 hours counsel expended by the $125 hourly rate yields a total of $2,562.50 in EAJA attorney's fees.

## II. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Williams' motion for attorney's fees under the EAJA (ECF No. 25) be **GRANTED IN PART** and that Williams[3] be awarded attorney's fees in the amount of **$2,562.50**.

Dated: November 13, 2020       s/David R. Grand
Ann Arbor, Michigan      DAVID R. GRAND
     United States Magistrate Judge

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich.

---

[3] The EAJA provides in pertinent part that the Court shall award fees "to a prevailing party." 28 U.S.C. §2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in Williams' favor. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010). Any fee agreement between Williams and his attorney is not part of this case.

L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2020.

                                        s/Eddrey O. Butts
                                        EDDREY O. BUTTS
                                        Case Manager