UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE WILLIAMS,

      Plaintiff,                               Case No. 18-13370

vs.                                      HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION DATED NOVEMBER 13, 2020**
**(Dkt. 28), AND (2) GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY**
**FEES (Dkt. 25)**

This matter is presently before the Court on the Report and Recommendation (R&R) of

Magistrate Judge David R. Grand, issued on November 13, 2020 (Dkt. 28).  In the R&R, the

Magistrate Judge recommends that the Court grant in part Plaintiff Andre Williams motion for

attorney fees (Dkt. 25).

The parties have not filed objections to the R&R, and the time to do so has expired.  See

Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of

the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not

appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash,

328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Therefore, the Court has reviewed the R&R for clear error.  On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accepts the recommendation in the R&R (Dkt. 28), and grants in part Plaintiff's motion for attorney fees (Dkt. 25).  Williams is awarded attorney's fees in the amount of $2,562.50.

SO ORDERED.

Dated:  December 3, 2020                           s/Mark A. Goldsmith
      Detroit, Michigan                            MARK A. GOLDSMITH
                                   United States District Judge